# Richard M. Pancoast et al., Partners, Plffs. in Err., *v.* Mattison Coon et al.

In an action of assumpsit for rent on a verbal lease of land, a written lease between the predecessors in title of the parties is admissible in evidence, without proof of execution by subscribing witnesses where the evidence was that the defendant held the premises by the same terms as the written lease.

(Argued April 1, 1887. Decided April 11, 1887.)

January Term, 1887, No. 211, E. D., before Mercur, Ch. J., Trunkey, Sterrett, Green, and Clark, JJ. Error to Common Pleas No. 2 of Philadelphia County to review a judgment on a verdict for plaintiffs in an action of assumpsit for rent. Affirmed.

The plaintiffs declared for five months' rent, to wit: from May 1 to October 1, on a verbal lease for a year; from October 1, 1884, to October 1, 1885, at $1,200 a year, payable monthly. Defendants pleaded nonassumpsit.

On the trial before Mitchell, J., the testimony tended to establish the following facts:

The defendants rented the premises No. 11 South Water street, Philadelphia, by verbal agreement, on October 1, 1883, and paid their rent monthly until they quit, May 1, 1885, claiming to be monthly tenants. The plaintiffs refused to accept the premises at that time, as they claimed that the defendants were yearly tenants and liable for rent to October 1, 1885.

The plaintiffs testified that they had purchased the premises in March, 1880, from the executors under the last will and testament of Catharine Miller, deceased. At that time W. H. Dunlap & Company were in possession of the premises as tenants for one year, under a verbal renewal of a lease between them and Catharine Miller. This lease was turned over by the executors,

at the time of the settlement for the purchase of the property, to M. & E. Coon. At that time it was also agreed by Dunlap & Company and M. & E. Coon that the lease should remain in force and effect as to the time, *viz.,* one year, and as to the amount, *viz.,* $1,200 a year. And Dunlap & Company continued as tenants under said lease until released on October 1, 1883, when Pancoast & Griffith were accepted as tenants. The plaintiffs testified that the defendants were accepted on the same terms as Dunlap & Company held under the lease. The defendants had previously taken possession of the premises as subtenants of Dunlap & Company.

The lease was produced and identified and then offered in evidence. It was between Catharine Miller and Dunlap & Company, dated February 22, 1872, with renewals between the same parties March 1, 1876, and March 1, 1877.

The counsel of the defendants objected, on the ground that it was between other parties, irrelevant and incompetent; to which it was replied that it was between predecessors in the title of present parties, and was relevant to show the terms upon which Dunlap held; and the evidence is that defendants were to hold on the same terms.

The counsel for the defendants further objected on the ground that it had not been proven, to which it was replied that it was not necessary to do so as it was one of the title papers by which plaintiffs acquired the property and defendants' predecessor in title obtained his possession. Objections overruled, lease admitted in evidence, and exception noted for defendants.

Verdict for plaintiffs for $533.75 and judgment thereon.

The assignment of error specified the admission of this paper in evidence.

*William A. Nichols* and *David J. Pancoast,* for plaintiffs in error.—The admission of irrelevant testimony which may mislead the jury from the real issue and lead them to give immaterial facts undue importance is fatal error. Velott v. Lewis, 102 Pa. 326.

A lease coming incidentally in question in a cause cannot be introduced in evidence without due proof of its execution, although it might be made without calling the subscribing witnesses. Kitchen v. Smith, 101 Pa. 456.

In the case of American Underwriter's Asso. v. George, 97 Pa.

238, the court said, in relation to the introduction of a policy of insurance without due proof of its execution, "that in the face of the defendant's objection it was certainly erroneous to admit the policy in evidence without proof of its execution."

*Fred'k A. Sobernheimer,* for defendants in error.—A fifth exception to the rule requiring proof by the subscribing witness is admitted where the instrument is not directly in issue but comes incidentally in question in the course of the trial, in which case its execution may be proved by any competent testimony, without calling the subscribing witness.    1 Greenl. Ev. 13th ed. § 573b, p. 625.

In Kitchen v. Smith, 101 Pa. 456, there was a lease which was not in issue, but merely came incidentally in the case in the course of the trial, and it was admitted in evidence upon the testimony of a party to the lease; and it was held that it was not necessary to call the subscribing witness.

To the same effect are Wright v. Wood, 23 Pa. 130, and Mix v. Smith, 7 Pa. 75.

PER CURIAM:

The only specification of error is to the admission in evidence of the former lease for the same premises.    It is true that lease was between other parties; but evidence had been given that the defendants below agreed to rent the property on the same terms that Dunlap, the former tenant, held it.

As these defendants had gone into possession as subtenants under Dunlap at first, if they agreed to take the property on the same terms, it is fair to presume they knew what those terms were.    On producing the lease on the trial one of the plaintiffs below swore it was the lease under which Dunlap held.    Under all the other evidence, we think the lease was sufficiently proved to justify the court in admitting it in evidence.

Judgment affirmed.